UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:11-cr-16 JD |
| ) | |
| JEROME L. BUTLER, III, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**REPORT AND RECOMMENDATION**

On June 25, 2012, Defendant, Jerome L. Butler, III ("Butler"), filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. On July 11, 2012, the United States of America filed response.

On June 27, 2012, this matter was referred to the undersigned to prepare a report and recommendation. For the following reasons, the undersigned **RECOMMENDS** that Butler's motion to vacate be **DENIED**.

**I.  RELEVANT BACKGROUND**

On October 10, 2010, Butler was arrested by the South Bend Airport Authority Police. The police initially attempted to stop the car driven by Butler for driving without headlights, but Butler attempted to evade police. During the following pursuit, Butler threw a bag from his vehicle that contained nine baggies of marijuana and 3.6 grams of crack cocaine. Doc. No. 20 at 3. Shortly after throwing the drugs from his car, Butler stopped. The police arrested him and searched his car. Inside, they found a loaded pistol. Butler told police the gun was "for protection" during drug distribution. *Id.*

On February 9, 2011, a federal grand jury returned a three count indictment against

Butler, charging him with possession of intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1); possession with intent to distribute a mixture or substance containing a cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Doc. No. 1.

On February 16, 2011, H. Jay Stevens was appointed as Butler's counsel. Doc. No. 4.

On March 21, 2011, Butler had his initial appearance and arraignment where he pleaded not guilty to all counts of the indictment. Doc. No. 5. However, on June 2, 2011, Butler appeared before the district judge and changed his plea from not guilty to guilty to Counts 2 and 3 of the indictment pursuant to a written plea agreement. Doc. No. 22. Pursuant to the plea agreement, Count 1 was dismissed. Doc. No. 41. The probation office prepared a draft presentence report, to which defense counsel filed several objections.

On August 31, 2011, Butler was sentenced to 81 months imprisonment, followed by a supervised release term of 3 years. No fines were ordered, and restitution was deemed not to apply. However, Butler was ordered to pay a special assessment of $200. Doc. No. 40. The Court also ordered Butler to forfeit his pistol to the United States pursuant to 21 U.S.C. § 853. Doc. No. 39. Butler did not file a direct appeal of his conviction or sentence.

On February 10, 2012, Butler filed a motion for relief under 18 U.S.C. § 3582(c)(2), requesting a reduction in his sentence due to recent changes in the Sentencing Guidelines regarding crack cocaine. Doc. No. 44. The Court denied Butler's motion because the new guidelines had already been considered in his sentence. Doc. No. 49.

Butler filed identical motions to vacate his sentence pursuant to 28 U.S.C. § 2255 on June 8 and June 25, 2012. Doc. Nos. 50 & 51. Butler challenges his conviction and sentence because

of ineffective assistance of counsel for three reasons. First, Butler argues that his counsel failed to investigate the legal validity of his traffic stop. Doc. No. 51 at 3. Second, Butler contends that counsel failed to file an appeal, although he specifically requested that he do so. *Id.* at 5. Third, Butler also argues that counsel failed to contest sentencing enhancements made for the dismissed drug charge and for committing the underlying offenses while still on probation. *Id.* at 6. However, Butler makes no attack on the validity of his waiver of his right to collaterally attack his conviction and sentence pursuant to 28 U.S.C. § 2255.

## II. ANALYSIS

Under 28 U.S.C. § 2255(a), a prisoner in federal custody ". . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." However, a defendant may waive the right to attack a sentence through § 2255, and those "waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). The petitioner must establish that the waiver was not knowingly or voluntarily made, or demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver. *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000). Section 2255 petitioners have to allege specific factual details in order to even receive an evidentiary hearing on the petition and a response from the government. *See Galbraith v. United States*, 313 F.3d 1001, 1010 (7th Cir. 2002). "An ineffective assistance of counsel claim cannot stand on a blank record, peppered with the

defendant's own unsupported allegations of misconduct." *United States v. Hodges*, 259 F.3d 655, 660 (7th Cir. 2001).

Butler does not challenge the effectiveness of the waiver he agreed to as part of his written plea agreement, which states:

> I expressly waive my right to appeal my conviction, my sentence and any restitution order to any Court on any ground, including any claim of ineffective assistance of counsel. I also agree not to contest my conviction, my sentence, any restitution order imposed, or the manner in which my conviction, the sentence or the restitution order was determined or imposed on any ground including ineffective assistance of counsel in any appeal under Title 18, United States Code, Section 3742 or in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255. Doc. No. 20 at 3-4.

The district judge also addressed Butler's understanding of the waiver in his plea colloquy. During the plea colloquy, the district judge had the following exchange with Butler:

> THE COURT: Mr. Butler are you fully satisfied with [your counsel's] representation of you in this case?
>
> THE DEFENDANT: Yes, sir. (Change of Plea Hearing Transcript ("Tr."), at 6.)

The Court then asked about Butler's understanding of his waiver:

> THE COURT: . . . Mr. Butler, do you understand that under some circumstances you or the government may appeal your conviction or any sentence that I impose, but do you also understand that in your plea agreement with the government you agreed that, after you plead guilty, you will have no right to appeal your conviction or sentence or any order of restitution and the manner by which they are imposed; do you understand that, sir?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand that your plea agreement also prohibits you from filing any post-conviction petition to attack your conviction or sentence or any order of restitution and the manner by which they were imposed; do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Finally, do you understand that you agreed to give up the right to claim

4

ineffective assistance of counsel, unless the claimed ineffectiveness relates directly to the appellate waiver or its negotiation?

THE DEFENDANT: Yes, sir. (Tr. 20-21).

When a defendant waives his rights to appeal and collateral review through a guilty plea, subsequent challenges to his conviction and sentence, the Seventh Circuit will only allow attacks on the validity of the waiver. *Jones*, 167 F.3d at 1145 ("waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver"). Here, Butler acknowledged his valid waiver both by signing the written plea agreement and by orally affirming in court that he understood the waiver and voluntarily agreed to it. In addition, Butler stated in court that he was satisfied with his counsel's representation. Although Butler has challenged the effectiveness of his counsel for several reasons, he did not challenge the validity of his waiver. He has made no allegations nor supplied support or evidence that the waiver was entered into without the requisite knowledge and voluntariness. According to Seventh Circuit law, he cannot succeed in his claims of ineffective assistance of counsel without such allegations. As result, Butler's motion to vacate is meritless.

### III. CONCLUSION

Because Butler has not attacked the validity of the waiver, and the waiver was knowingly and voluntarily entered into, the undersigned **RECOMMENDS** that Butler's motion to vacate be **DENIED.** [Doc. Nos. 50 & 51].

> **NOTICE IS HEREBY GIVEN that within fourteen (14) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER**.

**SO ORDERED.**

Dated this 20th day of August, 2012.

S/Christopher A. Nuechterlein  
Christopher A. Nuechterlein  
United States Magistrate Judge