UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:11-CR-016 JD |
| | ) | |
| JEROME L. BUTLER, III | ) | |

**OPINION & ORDER**

On September 1, 2011, this Court issued a Judgment convicting Jerome L. Butler, III, ("Butler") of distributing a controlled substance, in violation of 21 U.S.C. § 841(a), and of possessing a firearm in furtherance of a drug-trafficking offense, in violation of 21 U.S.C. § 924(c). [DE 42]. He was sentenced to a total term of 81 months' imprisonment, to be followed by 36 months on supervised release. [DE 42 at 2-3]. On June 11 and 25, 2012, Butler filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. [DE 50; DE 51].[1] The United States filed its response on July 11, 2012. [DE 53]. This Court referred Butler's § 2255 motion to vacate to Magistrate Judge Christopher A. Nuechterlein for review consistent with 28 U.S.C. § 636(b)(1)(B) and Fed. R. Crim. P. 59(b). [DE 52]. On August 20, 2012, Judge Nuechterlein issued a Report & Recommendation recommending that this Court deny Butler's motion to vacate. [DE 54]. Thereafter, Butler filed a reply to the Government's response to his motion to vacate [DE 57, filed September 24, 2012], a motion to supplement the record in a § 2255 proceeding [DE 58, filed October 9, 2012], and a motion to supplement his own reply [DE 60, filed November 11, 2012]. This Opinion & Order resolves all outstanding filings, and Butler is not entitled to any relief. He has waived his right to challenge his conviction and sentence.

---

[1] Butler filed the same motion twice, which may have been inadvertent.

1

**BACKGROUND**

On October 10, 2010, Butler was arrested by the South Bend Airport Authority Police. The police had initially attempted to stop the car Butler was driving because he was driving with his headlights off, but Butler attempted to evade the police. While they were in pursuit, he threw a bag out of the window of his vehicle. The bag contained 16.2 grams of marijuana in nine small baggies and 3.6 grams of crack cocaine. After defenestrating the drugs, Butler drove for about another 100 yards and then stopped the car. The police searched Butler's car and found a loaded pistol, which he told the police was "for protection" in furtherance of his drug distribution. The defendant confirmed all of these facts in his Plea Agreement. [DE 20 at 3].

A federal grand jury returned a three count indictment against Butler on February 9, 2011, charging him with: Count 1, possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1); Count 2, possession with intent to distribute a mixture or substance containing a cocaine base in violation of 21 US.C. § 841(a)(1); and Count 3, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). [DE 1]. H. Jay Stevens was appointed as counsel for Butler on February 16, 2011. [DE 4]. At his arraignment On March 21, 2011, Butler pleaded not guilty as to all counts of the indictment. [DE 5]. On June 2, 2011, Butler changed his plea from not guilty to guilty with respect to the second and third counts of the indictment, consistent with the Plea Agreement he entered with the government. [DE 22]. The first count of the indictment was dismissed. [DE 41].

On February 10, 2012, Butler filed a motion for relief under 18 U.S.C. § 3582(c)(2), requesting a reduction in his sentence due to recent changes in the Sentencing Guidelines regarding crack cocaine. [DE 44]. Butler's motion was denied because the amendment had already been used

in his sentencing. [DE 49]. Butler then filed the identical motions to vacate, pursuant to 28 U.S.C. § 2255, which are currently under review. [DE 50; DE 51]. Therein, Butler challenges his conviction and sentence by alleging ineffective assistance of counsel in three ways. First, Butler argues that his counsel failed to investigate the legal validity of his traffic stop. [DE 51 at 3]. Second, Butler contends that counsel failed to file an appeal after Butler specifically requested that he do so. [DE 51 at 5]. Third, Butler alleges that counsel failed to contest sentencing enhancements made for the dismissed drug charge and for committing the underlying offenses while on probation. [DE 51 at 6].

## DISCUSSION

A prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States...or that the sentence was in excess of the maximum authorized by law" may move to have the court that imposed the sentence "vacate, set aside, or correct" the sentence. 28 U.S.C. § 2255. The court referred Butler's motion to vacate (his identical filings will be treated as one motion throughout this opinion) to Judge Nuechterlein for a report and recommendation, pursuant to 28 U.S.C. § 636 and Rule 10 of the Rules Governing Section 2255 Proceedings. Under those rules, the district court has discretion to accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge. The district court must undertake a *de novo* review "only of those portions of the magistrate judge's disposition to which specific written objection is made." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995). If no objection or only a partial objection is made, the court reviews the unobjected portions for clear error. *Id*.

Butler certainly did not make a "specific written objection" to any part of Judge

3

Nuechterlein's August 20, 2012, Report and Recommendation. *Johnson*, 170 F.3d at 739. The "reply" Butler filed on September 24, 2012, appears to have been intended to complete the briefing process on the original motion under review [DE 57], and the motion to supplement the record he filed on October 9, 2012, similarly does not appear to take any specific issue with Judge Nuechterlein's decision. [DE 58]. Moreover, neither was filed within the 14 days permitted for an objection under the law. 28 U.S.C. § 636(b). That said, documents filed *pro se* are liberally construed. *Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Castro v. United States*, 540 U.S. 375, 381-82 (2003)). "[O]ur judicial system does recognize the complexity of our prescriptive procedural rules and we oftentimes relax those rigid requirements when a litigant appears in federal court unrepresented." *Id*. While Butler did not specifically object to Judge Nuechterlein's Report and Recommendation, he has repeatedly tried to continue to litigate his motion in its aftermath and it seems clear that he is not satisfied with the result. Coming from a *pro se* movant who likely has little or no knowledge of the rules surrounding referral practice, the Court will treat his continuing efforts as an objection and undertake a *de novo* review. In so doing, the Court finds that Butler is not entitled to any relief.

A.      *Butler waived his right to collaterally attack his sentence or conviction.*

"[A] defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as a part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). Such waivers are generally enforced, unless "the plea agreement was involuntary", the court "relied on a constitutionally impermissible factor (such as race)", the sentence produced "exceeded the statutory maximum", or the defendant alleges ineffective assistance of counsel "in connection with the negotiation of the plea agreement." *Id.* To bar collateral review, the plea

4

agreement must "clearly state that the defendant waives his right to collaterally attack his conviction or sentence in addition to waiving his right to a direct appeal." *Id.* The terms of a plea agreement are to be interpreted "according to the parties' reasonable expectations[,]" and any ambiguities should be construed in the light most favorable to the defendant. *United States v. Alcala*, 678 F.3d 574, 577 (7th Cir. 2012). In addition, the Court must also consider whether the defendant was properly informed of what rights would be waived during the plea colloquy. *Id.*

Butler's Plea Agreement contains waivers of both his right to directly appeal his conviction or sentence and his right to collaterally attack his conviction or sentence. It specifically waives challenges to his conviction or sentence based upon ineffective assistance of counsel. The Plea Agreement states, in pertinent part:

> I expressly waive my right to appeal my conviction, my sentence, and any restitution order to any Court on any ground, including any claim of ineffective assistance of counsel. I also agree not to contest my conviction, my sentence, any restitution order imposed, or the manner in which my conviction, the sentence, or the restitution order was determined or imposed on any ground including ineffective assistance of counsel in any appeal under Title 18, United States Code, Section 3742 or in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

[DE 20 at 3-4]. In addition, Butler's approval of his counsel's performance was addressed in the plea colloquy:

> THE COURT: Mr. Butler, are you fully satisfied with [your counsel's] representation of you in this case?
>
> THE DEFENDANT: Yes, sir.

[Change of Plea Hearing Transcript ("TR") at 6]. Butler was then asked about his understanding of the waiver in the plea agreement:

> THE COURT: . . . Mr. Butler, do you understand that under some circumstances you or the government may appeal your conviction or any sentence I impose, but do you

5

> also understand that in your plea agreement with the government, you agreed that, after you plead guilty, you will have no right to appeal your conviction or sentence or any order of restitution and the manner by which they are imposed; do you understand that, sir?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand that your plea agreement also prohibits you from filing any post-conviction petition to attack your conviction or sentence or any order of restitution and the manner by which they were imposed; do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Finally, do you understand that you agreed to give up the right to claim ineffective assistance of counsel, unless the claimed ineffectiveness relates directly to the appellate waiver or its negotiation?
>
> THE DEFENDANT: Yes, sir.

[TR at 20-21]. Beyond that, this Court again confirmed Butler's understanding of the waiver at his sentencing hearing.

By signing the Plea Agreement, Butler waived both his right to a direct appeal and his right to collateral review under § 2255. *Keller*, 657 F.3d at 681. The waiver is valid because there has been no argument by Butler to demonstrate that the Plea Agreement was entered into involuntarily, that it relied on constitutionally impermissible factors, or that it led to a sentence exceeding the statutory maximum sentence. *Id.* Further, although Butler alleges ineffective assistance of counsel, he makes no claim of ineffective assistance of counsel "in connection with the negotiation of the plea agreement." *Id*. Additionally, the waiver of collateral attacks is properly set out in the Plea Agreement by specifying that a waiver of collateral attacks waives rights in addition to and beyond the right to appeal. *Id.* Finally, the plea colloquy demonstrates that Butler understood the waiver provisions of his Plea Agreement and voluntarily consented to them. *Alcala*, 678 F.3d at 577. Butler acknowledged that he understood the rights he was giving up, both orally and in writing when he

signed the Agreement. Therefore, the appellate and collateral attack waiver provisions are valid. As a result, the Court accepts Judge Nuechterlein's Report and Recommendation [DE 54], and Butler's motion [DE 50; DE 51] must be dismissed.

B.  *Even if Butler's motion is read to include an ineffective assistance claim related to the negotiation of the Plea Agreement waiver itself, Butler has not made a showing sufficient to warrant an evidentiary hearing.*

Butler has not claimed ineffective assistance related to the negotiation of his waiver itself, which is essentially what he would need to do to bypass his waiver. But even if he had, in order for an evidentiary hearing to be granted, a § 2255 petitioner must provide "a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions." *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006). The requirement of a specific and detailed affidavit is "a threshold requirement; its absence precludes the necessity of a hearing." *Id.* An ineffective assistance of counsel claim "cannot stand on a blank record, peppered with the defendant's own unsupported allegations of misconduct." *United States v. Hodges*, 259 F.3d 655, 660 (7th Cir. 2001). Butler has not provided any evidence or affidavits that could support a claim that counsel was ineffective in negotiating the collateral attack waiver. He claims that his attorney forged his initials on an "Appeal Election" waiver, purportedly filed on August 31, 2011. [DE 51]. But if that document exists, this Court has never seen it. In short, Butler has not met the "threshold requirement" for an evidentiary hearing, even if he had argued ineffective assistance with respect to the negotiation of the waiver provision itself. *Id*. This provides another reason to dismiss the motion.

C.  *Butler's remaining filings are dismissed as moot.*

Since Butler's motion to vacate is dismissed [DE 50; DE 51], his motions to supplement the

7

record [DE 58] and to supplement his reply brief [DE 60] will be denied as moot. The Court notes, however, that those filings would be no help to Butler even if they were permitted. For one thing, they do nothing to get him past his waiver. For another, the evidence which Butler is trying to introduce to the record – documentation showing that his mother owned the vehicle in which Butler was found with drugs and a firearm – is not relevant to any of his claims. Butler seems to think showing that somebody else *owned* the vehicle in which the gun was found will mean that he cannot have *possessed* the firearm, but that is not the case. A defendant can constructively possess an object found in a vehicle in which he is, or recently was, the driver or the passenger, regardless of who owns the vehicle. *See United States v. Morris*, 576 F.3d 661, 670 (7th Cir. 2009).

## CONCLUSION

The Court now **ACCEPTS** the Report and Recommendation of the Magistrate Judge [DE 54] and **DISMISSES** Butler's motion to vacate [DE 50; DE 51] as barred by a valid waiver. The Court also **DISMISSES** Butler's supplemental filings [DE 58; DE 60] as moot.

SO ORDERED.

ENTERED: February 18, 2013

                                                /s/ JON E. DEGUILIO
                                                Judge
                                                United States District Court